IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JUDITH ANN KLENCHIK,

        Plaintiff,

v.

LATISHA STANLEY-RATCHFORD, *et al.*,

        Defendants.

Civil Action No.
5:18-CV-0609 (DNH/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

JUDITH ANN KLENCHIK, *Pro se*
201 Weymouth Rd.
Syracuse, NY 13205

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

    This is an action brought by *pro se* plaintiff Judith Ann Klenchik alleging that the defendants, three individuals employed at Onondaga Community Living, discriminated against her on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102

*et seq.* Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") were forwarded to me for review. Based upon that review I determined that her IFP application was incomplete and denied the request without prejudice to renewal.

Plaintiff has now submitted an amended IFP motion, and the clerk has forwarded the matter back to me for review. For the reasons set forth below, plaintiff's request to proceed IFP is denied, and I recommend her complaint be dismissed with leave to replead.

I. BACKGROUND

Plaintiff commenced this action on or about May 23, 2018, by the filing of a complaint, accompanied by a motion for leave to proceed without prepayment of the requisite filing fee. Dkt. Nos. 1, 2. After reviewing plaintiff's IFP application, I issued an order on June 5, 2018, concluding that the IFP application was incomplete and therefore denying her request for IFP status and requiring plaintiff to either pay the requisite $400 filing or submit a revised, complete IFP application. Dkt. No. 4.

On June 22, 2018, plaintiff filed an amended motion for leave to proceed IFP, Dkt. No. 5, which has been referred back to me for review.

II. DISCUSSION

A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] Pursuant to section 1915, when a plaintiff seeks leave to proceed IFP, the court must determine whether she has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). Section 1915 only provides that a court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status. 28 U.S.C. § 1915(a)(1). To make this

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States,* 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915(a) does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick,* 701 F.2d at 244 (citing *Adkins,* 335 U.S. at 339).

Plaintiff's amended IFP application indicates that, although she was unemployed at the time she filed her complaint, she is now employed in Asheville, North Carolina, and earns an annual salary of $47,000. Dkt. No. 5 at 3.

The United States Department of Health and Human Services publishes yearly Poverty Guidelines. Those guidelines reflect that, for 2018, the poverty threshold for a household of one is $12,140.00. *See* United States Dep't of Health & Human Servs.,

https://aspe.hhs.gov/poverty-guidelines (last visited July 30, 2018).[2]

Based upon the information that plaintiff has provided, the court is unable to conclude that paying the fees associated with this lawsuit would impose a serious financial hardship upon her. It may be that plaintiff is burdened by liabilities not reflected in her application that would inform the IFP analysis and alter the result. At this juncture, however, the court is unable to conclude that plaintiff is indigent and thus entitled to IFP status.[3]

B. <u>Sufficiency of Plaintiff's Complaint</u>

Ordinarily, the finding that plaintiff does not qualify for IFP status would end the court's discussion, and plaintiff, in light of her *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that plaintiff's complaint fails to state a claim upon which relief may be granted, the statute governing IFP applications requires that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may

---

[2] The Poverty Guidelines do not specify whether they measure income before or after taxes. This distinction is irrelevant in this case.

[3] Factors potentially relevant to IFP status include marital status and number of dependents, place of residence, nature of employment, earning potential, unencumbered assets, possible aid from friends and relatives and/or charities, the particular cost relative to the applicant's financial means. *In re Koren*, 176 B.R. 740, 744 (E.D. Pa. 1995).

have been paid[.]" 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is

proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In this case, plaintiff's complaint asserts ADA claims against three individuals seeking monetary relief. Dkt. No. 1 at 2, 4. It is well established, however, that individual liability for damages does not lie under the ADA.[4] *Vassenelli v. State Univ. of N.Y.*, No. 17-CV-00082, 2018 WL 1406629, at *3 (N.D.N.Y. March 19, 2018) (D'Agostino, J.) (citing cases). Accordingly, plaintiff's ADA claims in this section are subject to

---

[4] It is true that an individual with the requisite authority in the workplace could be regarded as a proper defendant in an ADA action where injunctive relief is sought and that individual is being sued in his or her official capacity as a representative of the employer. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Because the complaint in this case does not include a request for an injunction, however, this does not provide a basis for the action going forward.

dismissal.

## C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

9

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, because it seems possible that plaintiff could amend her complaint to include a defendant who may be sued under the ADA, I recommend that plaintiff be granted leave to amend.

If plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to her claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790

F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

## III. SUMMARY, ORDER, AND RECOMMENDATION

A review of plaintiff's IFP application reveals that, in light of her current employment, she does not qualify for leave to proceed without prepayment of fees. Accordingly, plaintiff's IFP application is denied, and she will be required to pay the filing fee of $400 should she desire to pursue this action.

Turning to the merits of plaintiff's claims, I find that her ADA claims for damages against the individual defendants is legally deficient and therefore recommend that her complaint be dismissed. I further recommend, however, that she be granted leave to amend to name a proper defendant in connection with her ADA claims. Based upon the foregoing, it is hereby

11

ORDERED that plaintiff's application for leave to proceed without prepayment of fees (Dkt. No. 5) is DENIED, and plaintiff must pay the required filing fee of $400 within thirty days of the date of this order; and it is further hereby respectfully

RECOMMENDED that plaintiff's ADA claims for damages against the three individual defendants be DISMISSED with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this order, report, and recommendation upon the plaintiff in accordance with this court's local rules.

---

[5] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Dated: July 31, 2018
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge